**ELDER MFG. CO. v. UNITED STATES.**

No. F–391.

Court of Claims.

March 4, 1935.

Wm. I. Denning, of Washington, D. C. (S. L. Swarts, of St. Louis, Mo., J. W. Cross, of Washington, D. C., and Frank E. Morris, of St. Louis, Mo., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff states the principal issue in this case as being "whether the definition of 'market' as the 'current bid price' set out in the regulations [art. 1584] is applicable under the facts and circumstances of this case so as to require that plaintiff's inventory be valued according to quoted prices," and contends (1) that the definition of market as the current bid price is applicable only under ordinary circumstances and not when market conditions are stagnant and quoted prices are nominal and such trading as occurs is in quantities greatly less than the volume usually purchased by the taxpayer; (2) that, in this case, it is established that during the period from April 30, 1920, until early in 1921, the market for goods, such as comprised plaintiff's inventory, was stagnant; that quoted prices were nominal and such trading as occurred was in very small quantities greatly less than the quantities usually purchased by the taxpayer; and (3) that under the facts and circumstances of this case the value of plaintiff's inventory for tax purposes is to be determined by reference to the market prices at which similar goods were sold in January, February, and March, 1921, which was lower than such cost.

Plaintiff excepts to findings 5 (d) and (e) and 7 by the commissioner of this court, but we think these findings are amply sustained by the evidence, and the exceptions are denied.

The important and controlling fact in the case is whether there was a market on April 30, 1920, and whether the market price on that date was in excess of plaintiff's costs. This fact is stated in finding 7, and plaintiff's exception thereto is predicated upon the view that the sales on that date, being in less volume than for some months previous to April 30, 1920, fail to constitute a market within the meaning of the statute and the regulations. This is the crux of the whole case. Although it is true that the amount of sales of merchandise of the character comprising the plaintiff's inventory was less in volume on and near April 30, 1920, the evidence shows that there were daily sales in considerable volume. But the volume of the sales is not controlling if there is an established market price for such merchandise on the inventory date and such market is ascertainable. Herein we think lies the error in plaintiff's argument.

The term "market" used in the statute and the regulations in the phrase "cost or market, whichever is lower," means the market price which plaintiff would have to pay for the merchandise in the inventory on the inventory date and not the price at which he sells such merchandise or offers it for sale. The evidence in this case shows that there was a market for the merchandise contained in plaintiff's inventory and that the market price therefor prevailing on the inventory date was higher than the cost to plaintiff of its inventory. The market price for the merchandise on April 30, 1920, had not been reduced below what it had been for some time previous, and no reduction in such market price occurred until some time in August or September, 1920. In these circumstances we think the Commissioner of Internal Revenue properly interpreted and applied the statute and the regulations in question by using cost, since cost was lower than market on the inventory date. Plaintiff is in error in the contention that this case falls within the last sentence of article 1584 to the effect that, "where no open market exists or where quotations are nominal due to stagnant market conditions, the taxpayer must use such evidence of a fair market price at the date or dates nearest the inventory or as may be available, such as specific purchases or sales by the taxpayer or others in reasonable volume and made in good faith, or compensation paid for cancellation of contracts for purchase commitments." The quoted portion of the regulations has reference to quotations of nominal prices for merchandise due to stagnant market conditions, and does not apply to a case where, although the volume of sales may have been less

130

on the inventory date than previous to that time, there is nevertheless an established and existing market price for such merchandise. The words "quotations are nominal" appearing in the regulations do not refer to the volume of sales but to quoted prices for the merchandise. The words "reasonable value" contained in the last portion of the quoted provision of article 1584 have reference to the determination of value of the inventory by the use of a market price at the date or dates nearest the inventory date, where the market price at which such merchandise is offered on the inventory date is nominal due to stagnant conditions, and have, therefore, no controlling influence on this case.

Plaintiff is not entitled to recover, and the petition must be dismissed. It is so ordered.